IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS REIDMILLER,                )<br>   Plaintiff,            ) No. 1:07-cv-02102 (RWR)<br>           )<br>  v.         )<br>            )<br>UNITED STATES,              )<br>            )<br>   Defendant.            ) | |

### UNITED STATES' MOTION TO DISMISS

Defendant, the United States, moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiff's complaint.  As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim to the extent plaintiff's complaint appears to be challenging the underlying tax liability rather than any unauthorized collection.  Specifically, counts 1 through 26, 28, 29, 33, 34, 35, 37, 38, 39, 40, and 41 should be dismissed as they are not related to any unauthorized collection activities.  The United States has not waived its sovereign immunity over such damage claims.   Further, as to the remaining counts (27, 30, 31, 32, and 36), plaintiff has failed to state an unauthorized collection claim.  In addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity.  (Compl., Remedy Sought ¶ 1).  Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes.  Thus, this Court may not grant injunctive relief.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted herewith.

DATED: May 2, 2008                    Respectfully submitted,

                                                        /s/ Beatriz T. Saiz
                                                        BEATRIZ T. SAIZ
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        P.O. Box 227
                                                        Ben Franklin Station
                                                        Washington, DC 20044
                                                        Phone/Fax: (202) 307-6585/514-6866
                                                        Email: Beatriz.T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS REIDMILLER,       )<br>              Plaintiff,        ) | No. 1:07-cv-02102 (RWR) |
| v.                                  ) | |
| UNITED STATES,           ) | |
|              Defendant.       ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for alleged unauthorized collection activities. Further, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. For the reasons set forth below, the Court cannot grant the requested relief.

**QUESTION PRESENTED**

Plaintiff seeks damages under 26 U.S.C. § 7433, which provides for damages for unauthorized collection activities. However, plaintiff seeks, in part, damages related to challenges of the underlying tax liability. For the remaining counts of the complaint, plaintiff makes generalized allegations without any factual support. Should the Court dismiss plaintiff's complaint for lack of jurisdiction with regard to the counts pertaining to challenges of the underlying tax liability and for failure to state a claim for the remaining counts?

**STATEMENT**

The complaint seeks damages under 26 U.S.C. § 7433 and injunctive relief. (Compl., Remedy Sought ¶¶ 1, 2, 3.) Plaintiff has organized his complaint into purported "counts" of alleged wrongdoing by the Internal Revenue Service. In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.

**ARGUMENT**

THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER DAMAGES CLAIM

Plaintiff purports to state a claim for damages against the United States. This Court does not have jurisdiction over counts 1 through 26, 28, 29, 33, 34, 35, 37, 38, 39, 40, and 41 of plaintiff's section 7433 claim because those counts of the complaint are merely an improper attempt to challenge the underlying tax liability. These counts do not relate to collection activities.

Section 7433 authorizes damages for wrongful *collection* activities only. See, e.g., Buaiz v. United States, 471 F. Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability

was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). All allegations in plaintiff's complaint which involve *non-collection* activities are not cognizant under section 7433, and must be dismissed.

### The Court Should Dismiss Plaintiff's Claim for Damages for Failure to State a Claim.

Plaintiff's complaint includes five counts (27, 30, 31, 32, and 36) which relate to collection activities. However, these counts are legally insufficient because they fail to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6). A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002). Plaintiff's complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages. Since the complaint fails to provide either notice of the basis of their claims or the grounds upon which they rest, this court should conclude that plaintiff has not, in fact or law, stated a claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

Plaintiff alleges five counts that relate to collection activities, counts 27, 30, 31, 32, and 36. These five counts allege that the Internal Revenue Service: 1) failed to send plaintiff the notice and demand letters (counts 27, 32); 2) engaged in harassing conduct

(count 30); 3) failed to hold a collection due process hearing (count 31); and 4) asserted a lien in violation of the Uniform Federal Tax Registration Act (count 36). Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever which set forth the basis of his claim. Thus, these allegations fail to state a claim.

First, plaintiff alleges that the Internal Revenue Service filed a notice of Federal tax lien without first notifying plaintiff of the assessment. (counts 27, 32). The Internal Revenue Service must give a taxpayer a notice and demand for payment at within 60 days after the assessment is made. 26 U.S.C. § 6303. Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Second, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct (count 30). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Third, plaintiff alleges that the Internal Revenue Service failed to hold a hearing pursuant to section 6330 of the Internal Revenue Code (count 31). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless

the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy." 26 U.S.C. § 6330(a).

Here, plaintiff has not alleged sufficient facts to determine whether he is entitled to relief under section 6330.

Finally, plaintiff alleges that the Internal Revenue Service recorded its lien in violation of the Uniform Tax Lien Registration Act as incorporated by the State of California (count 36). Section § 6323(f) sets forth the requirements for filing a notice of Federal tax lien, which does not require any type of certification. "It is well settled that the form and content of a notice of federal tax lien are controlled by federal, not state, law." Spahr v. United States, 501 F. Supp.2d 92, 98 (D.D.C. 2007) (citations omitted). Federal law requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1). The notice of Federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien." 26 C.F.R. § 301.6323(f)-1(d)(1). The Form 668 must identify the taxpayer, the tax liability, and the date of the assessment. Id. at § 301.6323(f)-1(d)(2). Here, plaintiff has not alleged sufficient facts to determine whether the notice of Federal tax lien was improperly filed.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss

their complaint.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65.

PLAINTIFF'S REQUEST FOR INJUNCTION IS BARRED BY THE ANTI-INJUNCTION ACT

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Comp., Remedy Sought ¶ 1).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff fails to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn, 766 F.2d at 598. In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

## CONCLUSION

Plaintiff's claims which do not allege collection activities must be dismissed for

lack of jurisdiction.  The remaining allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433.  Thus, these claims must be dismissed for failure to state a claim for which relief can be granted.

  Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes.  For these reasons, the Court should dismiss this case.

DATED: May 2, 2008

                Respectfully submitted,

                /s/ Beatriz T. Saiz
                BEATRIZ T. SAIZ
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227
                Ben Franklin Station
                Washington, DC 20044
                Phone/Fax: (202) 307-6585/514-6866
                Email: Beatriz.T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS REIDMILLER, ) | |
|             Plaintiff, ) | No. 1:07-cv-02102 (RWR) |
| ) | |
| v.           ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
|             Defendant. ) | |

## **ORDER**

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2008.

_____
UNITED STATES DISTRICT JUDGE

3247866.1

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

DENNIS REIDMILLER
16226 Kyle Crest Trail
Cypress, TX 77433-5861

3247866.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS REIDMILLER, | ) |
|     Plaintiff, | ) No. 1:07-cv-02102 (RWR) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on May 2, 2008, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>Dennis Reidmiller
>16226 Kyle Crest Trail
>Cypress, TX 77433-5861

>/s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ